PROVOSTY, J.
The will of the testatrix, made July 14, 1896, provided as follows:
“My name is Anna Bodenbinder, widow of John Meisner. I have one son living, named August Bodenbinder, who left here before the war. I leave my said son, August Bodenbinder, all the property and effects I die possessed of. If lie does not return and claim my estate in five years after my death, then my executor is to pay or distribute my estate to the children of my sister and brother, Henry Bodenbinder and Theresa Bodenbinder, wife of Schneider, living in Ansefree bei Marburg, and to William Bodenbinder, of New Orleans, my nephew, living in New Orleans, in equal shares; that is, to each child of my said brother, Henry Bodenbinder, and my sister, Theresa Bodenbinder, wife of Schneider, and said nephew, William Bodenbinder, shall receive an equal share.”
The testatrix died October 22, 1902.
The will was probated October 23, 1902.
The executor filed his final account April 27, 1908. This account shows a balance of $2,947.79 for distribution among the heirs of the testatrix, but does not show who these heirs are, nor purport to make any distribution among them.
The persons who are to take under the will, in default of the absentee, have filed an opposition, asking that the said balance be paid to them, as provided in the will. They show that Wm. Bodenbinder disappeared from his home just before the Civil War, in 1861, as stated in the will, and that he has never been heard from since, although his mother inquired and advertised for him, and sought for information of him, for several years after the war.
The executor answers that the part of the estate which constitutes the legitime of the absentee belongs to the absentee, and cannot *866 be ordered to be paid to the opponents until the absentee can be shown to have died, or until such a length of time can be shown to have elapsed since his birth as to give rise to a presumption of his death.
The absentee not having “returned' and claimed the estate in five years after the death of the testatrix,” the condition upon which the estate is to go to the opponents under the terms of the will is fulfilled; and, more than five years having elapsed since the probate of the will, his action to reduce the donation, even if he appeared, would be barred. Cox v. Ahlefeldt, 105 La. 579, 30 South. 175; Rev. Civ. Code, art. 3542.
Judgment affirmed.